**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

**PATRICK JAMES WERNER,**

                Plaintiff,

v.                                    **Case No. 15-cv-103-pp**

**AMY JO JONES,**
**BRIDGET BELLOWS,**
**DR. BECK, and**
**DR. MICHAEL FINNEGAN,**

                Defendants.
_____

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 26), DENYING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 27), AND GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING (DKT. 27)**
_____

        In August 2016, the court requested *pro bono* counsel to assist the plaintiff in preparing a motion for default judgment, because no defendants had filed an answer to the plaintiff's complaint. On September 2, 2016, the court entered a scheduling order that provided a January 9, 2017 deadline for counsel to file that motion. That same day, attorneys for three of the four defendants filed notices of appearance (dkt. nos. 23, 24), an answer (dkt. no. 25), and a motion to dismiss for failure to effect proper service (dkt. no. 26). The defendants filed another motion to dismiss on October 19, 2016, which also included an alternative request to enlarge their time to answer to make their September 2, 2016, answer timely. Dkt. No. 19.

1

There court acknowledges problems with the service of the complaint, which resulted from the plaintiff having instructed the marshals to serve the defendants' through their employer's registered agent (and, in fact, having misidentified the defendants' employer). The defendants now have notice of this lawsuit, and have filed their answer; the court will consider the plaintiff to have effectuated service, and will not require him to make additional attempts. Such attempts would be an unnecessary expenditure of time, effort and funds. Because the court allowed the plaintiff to proceed *in forma pauperis*, the United States Marshal must effect service at the direction of the court. See Fed. R. Civ. P. 4(c)(3). Additionally, the court must assist *pro se* litigants in identifying and serving defendants, which in this case would include the name of the defendants' employer. See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555-56 (7th Cir. 1996). It would be an unnecessary use of resources for the court to provide the marshals with the information provided in the defendants' motions and require them to serve process based on that information, when the defendants are aware that the plaintiff has sued them. The court will deem the defendants' answer timely filed, and will proceed.

The court will release the plaintiff's *pro bono* counsel from their representation obligations, because there is no longer a need for a motion for default judgment. The court thanks Attorney Chris Eippert and Attorney Richard Hahn for their service to the court and releases them from any further duties with regard to this case.

The court **DENIES** the defendants' motions to dismiss. Dkt. Nos. 26, 27. The court **GRANTS** the defendants' alternative motion for extension of time to file a responsive pleading (Dkt. No. 27) and considers the answer filed September 2, 2016 (Dkt. No. 25) timely filed. The court will enter a separate scheduling order.

Dated in Milwaukee, Wisconsin this 29th day of November, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

3

Case 2:15-cv-00103-PP   Filed 11/29/16   Page 3 of 3   Document 33