# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATRICK JAMES WERNER,

      Plaintiff,

  v.                                                      Case No. 15-cv-103

AMY JO JONES,
BRIGIT BELLOWS,
DR. BECK, and
THOMAS FINNEGAN, M.D.,[1]

      Defendants.

## DECISION AND ORDER

Plaintiff Patrick Werner filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This case was reassigned to me on December 14, 2017. On November 29, 2016, the judge previously assigned to his case entered an Amended Scheduling Order that set forth a January 20, 2017 deadline for amendment of pleadings, a March 31, 2017 discovery deadline, and an April 28, 2017 deadline for motions for summary judgment. ECF No. 34. Since that time, Werner has filed at least a dozen motions, which are now before the court.

**1.    Motions for Extensions of Time**

On December 30, 2016, Werner requested a sixty to ninety day extension for all deadlines. ECF No. 36. The defendants subsequently filed a motion for summary judgment on April 28, 2017, and Werner filed a response to the motion on June 12, 2017. Along with his response brief, Werner

---

[1] The court has updated the caption to reflect the correct spellings for defendants Brigit Bellows (sued as Bridget Bellows) and Thomas Finnegan, M.D. (sued as Michael Finnegan).

filed a motion asking for leave to file the untimely response to the defendants' motion for summary judgment. Werner indicated that he only received the defendants' exhibits when he was released from segregation on May 31, 2017, and then was unable to submit a timely response because the prison went on lock down on June 1, 2017. Werner requests that the court accept as timely the response brief, exhibits, proposed findings of fact, and statement of undisputed fact that he filed with his motion. Because the case proceeded under the original scheduling order and Werner was able to file a detailed opposition to the defendants' motion for summary judgment, I will deny Werner's first motion for an extension of time. However, I will grant Werner's motion for leave to file the delayed response and will consider his materials in response to the defendants' motion for summary judgment.

**2.     January 31, 2017 Motions**

On January 31, 2017, Werner filed six motions, as well as a several supporting documents. ECF Nos. 38–40, 43–45. Three of the motions ask the court to compel defendants and non-defendants to respond to his discovery requests. In two of the motions, Werner seeks discovery from non-defendants Brown County and the Wisconsin Department of Professional Safety and Professional Services. According to Werner, these non-parties did not respond to his requests under Federal Rule of Civil Procedure 34, and Werner requests sanctions as a result. As an initial matter, the court cannot compel non-defendants to respond to discovery requests. The court will therefore deny Werner's motions to compel. If Werner seeks discovery from a non-party, he must use the procedures set forth in Federal Rule of Civil Procedure 45.

In the third motion to compel, Werner seeks an order from the court directing the defendants to respond to discovery requests he filed in September 2016 and for sanctions. ECF No. 40.

Although Werner admits he has received responses to his requests, he asserts that the submissions were untimely. He also asserts that the defendants' objections are waived because the responses were untimely.

In response to this motion, the defendants submit that Werner did not meet and confer before bringing this discovery motion. ECF No. 48 at 1. The defendants emphasize that they have now filed responses to the discovery requests, but they did not have an obligation to do so at the time because a motion to dismiss was pending. Werner maintains that the defendants were involved in the case when he served the discovery requests on them and had even asked him for an authorization. ECF No. 56. Werner has received responses to his discovery requests and was not harmed by any delay. Therefore, the court will deny the motion to compel.

The remaining motions filed by Werner on January 31, 2017 seek court assistance with various matters. In one motion, Werner requests that the court help him obtain an additional legal loan from the Wisconsin Department of Corrections. ECF No. 43. Although he was recently approved for $50.00, Werner indicates that he already owes $252.11 in past due legal loans. He anticipates that copying and obtaining his medical records in this case will cost $30.00 and requests an additional $100.00 in legal loans. The court will not micromanage the State's administration of legal loans and will accordingly deny Werner's motion.

Next, Werner requests an order allowing him to keep a computer disk containing his legal work in his possession. Werner asserts that, since he arrived at Oshkosh Correctional Institution, the institution and/or other inmates have accessed his computer disk and erased material or used documents against him with the Wisconsin Department of Corrections. He notes that over 1,000 hours of case work went missing from his disk, which led to Werner being unable to seek extensions

from the Seventh Circuit in his appeal from Case No. 12-cv-96 (E.D. Wis.). The court declines to interfere with the state prison's property restrictions and will deny the motion.

Finally, Werner requests the court's assistance in retrieving legal documents from another location. ECF No. 45. He sent materials, mostly documents from this case, to his mother at his own expense at the beginning of 2016 because he was above the prison's property limits. At the time he filed this motion, Werner had repeatedly asked his mother to send the documents back to him, but she had not. However, Werner mentioned in a subsequent motion that his mother had returned his materials. Accordingly, this motion will be denied as moot.

### 3. February 22, 2017 Motions

On February 22, 2017, Werner filed a motion asking the court to calendar his pending motions. A hearing is not necessary to resolve Werner's outstanding motions, so this motion will be denied. Werner also filed a motion to appoint counsel. He requests that the court appoint counsel for the remainder of the case or, in the alternative, at least appoint counsel to help him with discovery and dispositive motions. He also asks that all deadlines in the case be extended until the end of 2017 because he will have a new legal loan in 2018. ECF No. 52.

Civil litigants do not have a constitutional or statutory right to appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Yet, district courts have discretion to recruit attorneys to represent indigent parties in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).

Here, Werner has not demonstrated that he made reasonable efforts to secure private counsel on his own. He admits that he has not attempted to secure counsel because he did not have stamped envelopes to use to contact attorneys. In short, the court finds that Werner failed to make a reasonable effort to recruit counsel. Even if Werner had made a reasonable attempt to secure representation, the court believes he is competent to proceed with the case himself. Werner argues that he is unable to afford counsel, that the issues in this case are complex, that the Wisconsin Department of Corrections is denying him access to his computer disk, that he has limited money to conduct discovery, that he has a limited knowledge of the law, and that the law library is not always available to him. If Werner's assertions were enough to require the court to recruit counsel, the court would be required to recruit counsel in nearly every case in which an inmate files a lawsuit. Werner's filings in this case reveal his familiarity with the legal process and his level of sophistication. Werner knows what to do to advance his case, and he has been able to do it, in this case and in others. A review of the court's electronic filing system also reveals that Werner has filed and litigated fifteen civil cases in this court since 2012. The court concludes that Werner is competent to litigate this case and will deny his motion to appoint counsel.

**4.     April 24, 2017 Motions**

On April 24, 2017, Werner filed one document that was docketed as a motion to appoint counsel, a motion for extension of time to file an opposition to the defendants' not yet filed motion for summary judgment, a motion to have a telephonic conference, and a motion for injunctive relief. ECF No. 62. The same day, Werner also filed a motion asking the court and the defendants' counsel for legal assistance. ECF No. 64.

In the first document, Werner represented that he was found guilty of a conduct report and given 60 days in segregation and 120 days loss of library privileges. As a result, Werner believed he would have a hard time responding to the defendants' motion for summary judgment, when they filed it. He did not think he would see the motion until he got out of segregation, and he was concerned that prison staff would deny him access to the courts. Werner proposed several options, including an injunction allowing him to use the law library and/or typing computer, an extension until February 2018 (after he receives a new legal loan) to file his response to the motion for summary judgment, and an increased legal loan. Werner also requests that the court order that his computer disk follow him, even if he is transferred to another prison, because he believed he would be transferred to a maximum security prison after he was released from segregation. Werner asks for a telephone conference so the court and the parties can come up with a plan to determine his options with regard to the defendants' motion for summary judgment.

Not only were Werner's concerns premature, his ability to file a response to the defendants' motion for summary judgment renders his motion moot. I also note that Werner remains at the same prison and has not been transferred to a maximum security institution. I will therefore deny each of Werner's motions in this document.

In his separate motion filed the same day, Werner asks the court and defense counsel to assist him with legal issues arising out of a cell search and conduct report at the prison. ECF No. 64. These matters are unrelated to this case, which arises out of medical care Werner received at the Brown County Jail. If Werner believes he may have a separate access to the courts claim, he may file a new case to pursue that claim, but he may not do not so in the context of this case. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir.2009). I will deny this motion.

**5.	Dispositive Motions**

The court will enter a separate order resolving the defendants' motion for summary judgment (ECF No. 65), and the motion to dismiss claims against Thomas Finnegan, M.D., due to a suggestion of death (ECF No. 86).

**IT IS THEREFORE ORDERED** that Werner's motion for extension of time (ECF No. 36) is **DENIED**, and Werner's motion for leave to file a delayed response (ECF No. 76) is **GRANTED**.

**IT IS FURTHER ORDERED** that Werner's motions to compel (ECF Nos. 38, 39, 40) are **DENIED**.

**IT IS ALSO ORDERED** that Werner's motions for orders (ECF Nos. 43, 44, 45) are **DENIED**.

**IT IS FURTHER ORDERED** that Werner's motion to calendar his pending motions (ECF No. 51) is **DENIED**.

**IT IS FURTHER ORDERED** that Werner's motion to appoint counsel (ECF No. 52) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Werner's motion to appoint counsel, motion for extension of time, motion for telephonic conference, and motion for injunctive relief (ECF No. 62) are **DENIED**.

**IT IS ALSO ORDERED** that Werner's motion for assistance with legal issues (ECF No. 64) is **DENIED**.

Dated at Green Bay, Wisconsin this   20th   day of December, 2017.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court - WIED